Fern Amber Smith, Petitioner *v.* Workmen's Compensation Appeal Board (Spring Cove School District), Respondents.

Submitted on briefs October 3, 1983, to Judges Rogers, Craig and Doyle, sitting as a panel of three.

256

David P. Andrews, Patterson, Evey, Rouch, Black, Dorezas & Magee, for petitioner.

Robert G. Rose, Spence, Custer, Saylor, Wolfe & Rose, for respondent, Spring Cove School District and Pennsylvania National Insurance Company.

Opinion by Judge Rogers, November 9, 1983:

Fern Amber Smith, a workmen's compensation claimant, has appealed from an order of the Workmen's Compensation Appeal Board reversing a referee's award of compensation for a temporary total disability for the period of March 24, 1980 to December 1, 1980. The issue is whether any competent evidence exists in the record to support the referee's finding that the claimant was disabled from March 24, 1980 to December 1, 1980.

The claimant suffered a work-related injury on January 8, 1980 that was described in her Notice of Compensation Payable as "acute bursitis left shoulder" and was paid compensation for a temporary disability from January 8, 1980 to March 24, 1980. On April 9, 1980, the employer filed a Petition for Termination with a Physician's Affidavit of Recovery alleging that the claimant had fully recovered from her disability and was able to resume her activities as a tax collector on March 25, 1980. The claimant did not return to work on March 25, 1980, but was granted a leave of absence and returned on January 2, 1981, without any loss of earnings.

The record contains medical testimony concerning the date when the claimant fully recovered from her disability from Doctors Robert Bridenbaugh and Gregory J. Fulchiero. Doctor Bridenbaugh who had treated the claimant for her January 8, 1980 injury and executed the Physician's Affidavit of Recovery, testified at a hearing before a referee that:

I saw her on March 10th at which time she was feeling a good bit better as far as her nervousness. She reported that she had arranged with her employer for a six months leave of absence which seemed to take a good bit of the load off her as far as the nervousness is concerned. And, then, I saw her again on March 24th. At this time I told her I felt she was no longer disabled as regards her work and as far as the falling episode [the January 8, 1980 injury]. I did agree with her regarding the leave of absence. I thought it was in her interest, her future health.

When asked whether in his opinion, based on a reasonable degree of medical certainty, the claimant could return to her occupation as a tax collector on March 25, 1980, Dr. Bridenbaugh responded, "[T]o the best of my judgment I thought she was able to return to her employment."

In a deposition Dr. Fulchiero testified as follows:

Q: Doctor, based upon your examination, do you believe she has, or is suffering from any disability, as a result of that original fall in January of 1980?

A: I believe she has discomfort from her injury, but I think it is of a mild nature. . . . Discussing disability, it would be of a minor nature.

Q: When you first saw her, Doctor, in August of 1980, did you think she would be capable of working full time at an eight-hour a day job at that point?

A: I wasn't sure. She stated that she wasn't. Being a fresh patient, I gave her the benefit of the doubt. She knows her activities or requirements of the job, and she stated that she couldn't and for that reason I continued her out-of-work status that was already under way.

Q: Did you have any opinion when she might be able to return to work?

A: Yes. I discussed that with her and suggested a return to full activities on the first of December, 1980. That was at her last appointment on October 17, 1980, and this seemed reasonable to Mrs. Smith.

On cross-examination, Dr. Fulchiero was asked whether he had any "real basis to disagree" with Dr. Bridenbaugh's opinion "that from the trauma sustained in that fall, there was nothing lingering that would have precluded her from going back to her work as of March 25, 1980." He responded that he had "[n]o reason to disagree with his [Dr. Bridenbaugh's] opinion regarding her work capabilities."

The referee found that the "[c]laimant's disability did not in fact terminate on March 24, 1980, but that the claimant remained temporarily totally disabled for the period March 24, 1980 to December 1, 1980." Relying on Dr. Fulchiero's answer on cross-examination that he had no reason to disagree with Dr. Bridenbaugh's opinion that the injuries suffered by the claimant on January 8, 1980, did not preclude her from returning to work on March 25, 1980, the

Board concluded that the termination date was March 25, 1980, instead of December 1, 1980.

Section 422 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §834 requires that the referee's findings of fact be supported by competent evidence. Although the duty to make findings of fact is imposed on the referee, the Board may disregard the referee's findings if they are not supported by competent evidence. *Vavro v. Workmen's Compensation Appeal Board,* 63 Pa. Commonwealth Ct. 462, 439 A.2d 841 (1981).

The claimant argues that Dr. Fulchiero's testimony provides substantial evidence to support the referee's finding that the termination date was December 1, 1980, and that the Board usurped the referee's authority in resolving the conflicting testimony of the medical witnesses.

We agree that the choice of which conflicting medical testimony is worthy of acceptance is for the referee. Here, however, the testimony of the two doctors read as a whole are not in conflict. Although Dr. Fulchiero testified that in August, 1980, he suggested to the claimant that she return to work on December 1, 1980, he also testified that he had no reason to disagree with Dr. Bridenbaugh's opinion that the claimant could have resumed her work on March 25, 1980. Since both doctors agreed that the claimant could resume in March, the referee's finding that she was disabled until December 1, 1980, is not supported by substantial evidence.

Order affirmed.

ORDER

AND Now, this 9th day of November, 1983, the order of the Workmen's Compensation Appeal Board dated June 24, 1982, is affirmed.